# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LENORA RODRIGUEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18-CV-666-CVE-JFJ ) ) |
| ZURICH AMERICAN INSURANCE COMPANY; and WPX ENERGY SERVICES COMPANY LLC ERISA WELFARE BENEFIT PLAN, | ) ) ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Plaintiff's case arises under the Employment Retirement Income and Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Before the Court is the parties' Joint Status Report ("JSR") (ECF No. 26), which raises a scheduling and discovery dispute that was referred to the undersigned (ECF No. 27). As explained below, the Court permits limited discovery and enters a schedule in accordance with this ruling.

**I.  Factual Background**

Decedent Luis Rodriguez ("Rodriguez") was an employee of WPX Energy Services, Inc. ("WPX") and a participant in Defendant WPX Energy Services Company, LLC ERISA Welfare Benefit Plan ("Plan"). Defendant Zurich American Insurance Company ("Zurich") administers the Plan and issues payments under the Plan. Zurich and Plan are collectively referred to as Defendants.

Rodriguez slipped on ice at his residence and severely injured his leg on December 17, 2016. On March 22, 2017, Rodriguez's leg was amputated, and, on April 10, 2017, Rodriguez died. On May 3, 2017, Plaintiff Lenora Rodriguez ("Plaintiff") submitted a claim and sought

benefits under the Accidental Dismemberment and Death provision of the Plan. Zurich denied the claim and upheld the denial after an internal review requested by Plaintiff.

Plaintiff brought this action pursuant to 29 U.S.C. § 1132(a)(1)(B) seeking review of the denial of benefits. In the JSR, Plaintiff requests a period of limited discovery, while Defendants contend no discovery should be permitted. The Court ordered briefs supporting the parties' positions and heard oral argument on April 26, 2019. During oral argument, Plaintiff's counsel clarified that Plaintiff seeks discovery regarding two general categories: (1) the procedural irregularity of Zurich's inconsistent definitions of "date of loss" during the claims-handling process; and (2) the conflict of interest created by Zurich's insuring Rodriguez's treating physicians and/or hospital. These categories are consistent with those described in the JSR. ECF No. 26 at 3.[1]

## II. ERISA Discovery Standards

The Tenth Circuit prohibits "courts from considering materials outside the administrative record where the extra-record materials sought to be introduced relate to a claimant's eligibility for benefits." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1162 (10th Cir. 2010). This general rule against supplementation of the record on the "merits issue of disability" is necessary, because a plan participant is "not entitled to a second chance to prove disability." *Id.* at 1159 (internal quotation omitted). However, the Tenth Circuit has indicated this prohibition does not extend to discovery regarding "dual role conflict[s] of interest or procedural irregularities." *Id.* (explaining that its "broad language prohibiting extra-record discovery is

---

[1] Plaintiff's brief references a third category of discovery aimed at Zurich's "dual role" conflict of interest "in handling Rodriguez' claim as the plan administrator and the payor." ECF No. 32 at 4. During the hearing, Plaintiff's counsel clarified that this category overlaps with the "procedural irregularity" category, and that Plaintiff does not seek payment incentive information or other discovery aimed at the financial aspects of the "dual role" conflict.

potentially misleading in cases involving a dual role conflict of interests or procedural irregularities"). Post-*Murphy* decisions within the Tenth Circuit have held that "discovery may be permissible in the context of a plan administrator's dual role conflict of interest or procedural irregularities." *See Perkins v. Hartford Life & Acc. Ins. Co.*, No. 11-2557-KHV, 2012 WL 3834745, at *1 (D. Kan. Sept. 4, 2012); *Erickson v. The Lincoln Nat'l Life Ins. Co.*, No. 111CV00394, 2011 WL 13127141, at *1 (D. Colo. Oct. 13, 2011) ("Limited discovery may be appropriate on the issues of (1) whether the entire administrative record has been provided to the court; (2) the administrator's dual role conflict of interest; and (3) corruption or procedural irregularities in connection with the administrator's review of the record or decision."). Discovery is still "not appropriate in the context of additional substantive evidence of the claimant's eligibility for benefits, such as additional medical evidence of disability." *Perkins*, 2012 WL 3834745, at *1.

Although *Murphy* authorizes this exception to the general prohibition on discovery, the exception "does not function as a green light to discovery" whenever a dual-role conflict exists. *Parker v. Baker Hughes Inc. Long Term Disability Plan*, No. CV 17-372 WJ/GBW, 2018 WL 2926165, at *1 (D.N.M. June 11, 2018). Instead, ERISA discovery requests still must be analyzed under the familiar framework of Federal Rule of Civil Procedure 26(b)(1). *See Murphy*, 619 F.3d at 1162 (explaining that Rule 26(b) governs dual conflict of interest discovery requests and "other" discovery requests in ERISA cases). The Tenth Circuit cautioned courts against unnecessarily broad discovery that "slows the efficient resolution of an ERISA claim." *Id.* at 1163; *see also Derryberry v. Pharmerica Corp.*, No. CIV-16-207-C, 2016 WL 5876128, at *4 (W.D. Okla. Oct. 7, 2016) (setting forth "framework" for analyzing ERISA discovery requests as whether "the requested discovery advances ERISA's goal of a speedy, inexpensive, and efficient resolution of

a claim" and whether "the cost or burden of the requested discovery outweigh its potential benefits"). The party seeking extra-record discovery bears the burden of showing its propriety. *See Murphy*, 619 F.3d at 1163.

## III. Analysis

In this case, Defendants objected to Plaintiff's conducting any discovery, and Plaintiff has not yet issued specific discovery requests. The Court is merely determining whether to permit Plaintiff to proceed with discovery on the two requested categories and whether to build a discovery period into the scheduling order.[2]

### A. Discrepancies in Zurich's Communications Regarding "Date of Loss"

Plaintiff seeks discovery on an alleged procedural irregularity in the handling of Plaintiff's claim. Specifically, Plaintiff alleges that, in an original denial letter dated December 29, 2017, and many other communications with the claimant, Zurich identified the "Date of Loss" as December 17, 2016, or the date of the fall. But then, in the letter affirming the denial dated April 18, 2018, Zurich identified the "Date of Loss" as April 10, 2017, or the date of death. ECF No. 2 at ¶¶ 30-34. Plaintiff contends this change came only after Plaintiff pointed out that Zurich had not applied its own policy properly, and that this "modification of defined dates significantly changed any purported 'evaluation' conducted by Zurich." ECF No. 32 at 3. Plaintiff further contends that "nothing in the administrative record . . . explains this decision to re-classify the 'Date of Loss' from December 7, 2016 to April 10, 2017." *Id.* Defendants argue that the procedural irregularity is insignificant and irrelevant to the Court's review, because the

---

[2] Most post-*Murphy* decisions located by the Court address specific discovery requests in the context of a motion to compel. *See, e.g., Parker*, 2018 WL 2926165; *Derryberry*, 2016 WL 5876128; *Perkins*, 2012 WL 3834745; *Rutherford v. Reliance Standard Ins. Co.*, No. 10-2456, 2011 WL 4376557 (D. Kan. Sept. 20, 2011).

4

"administrative record shows that Zurich and the independent medical reviewers reviewed the timeline of Mr. Rodriguez' medical events and his prior medical history in analyzing the claim." ECF No. 34 at 3.

The Court finds Plaintiff has met her burden to obtain discovery about this alleged procedural inconsistency in the claims-handling process, and to seek support for her contention that "the only explanation is that Zurich changed this date to allow it to deny coverage." ECF No. 32 at 3. It is undisputed that Zurich has a "dual role" conflict of interest. *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008) (holding that dual role conflict of interest exists when "an entity that administers the plan . . . both determines whether an employee is eligible for benefits and pays benefits out of its own pocket"). This conflict, and the weight to afford such conflict, is a relevant consideration, even under the deferential "arbitrary and capricious" standard of review. *See id.* at 115 (explaining that "dual role" conflict is factor in determining whether abuse of discretion occurred in making claims decision); *Weber v. GE Group Life Assur. Co.*, 541 F.3d 1002, 1010 (10th Cir. 2008) (explaining that deference decreases in proportion to seriousness of "dual role" conflict).[3] Further, the "procedural reasonableness" of the decision may be relevant to the Court's overall analysis. *See Glenn*, 554 U.S. at 115 (explaining that course of events leading to denial of claim "was not only an important factor in its own right (because it suggested procedural unreasonableness), but also would have justified the court in giving more weight to the conflict (because MetLife's seemingly inconsistent positions were both financially advantageous)"); *see also Weber*, 541 F.3d at 1011 (explaining that, in some circumstances, courts may consider whether "the decision was the result of a reasoned and principled process" in

---

[3] The parties appear to dispute whether the Court should apply the "arbitrary and capricious" standard or the *de novo* standard. The Court finds this requested discovery permissible even under the deferential standard urged by Zurich.

5

determining whether decision was arbitrary and capricious). The Court is persuaded that the discrepancy between Zurich's initial denial, and the denial after internal review, is a relevant procedural irregularity that warrants further inquiry in this case. Further, as to proportionality, this category of requested discovery is narrow, limited to one aspect of the claims-handling process, supported by specific allegations in the Complaint, and related to Plaintiff's allegations of bias flowing from the "dual role" conflict of interest. Under these factual circumstances, the Court will permit discovery on this limited topic. *See Derryberry*, 2016 WL 5876128, at *4 (permitting discovery on "benefit enrollment, claims handling, and analysis" where plaintiff alleged irregularity of another entity administering the claim); *Hoyt v. The Prudential Ins. Co. of Am.*, No. 07-CV-02210-LTB-KLM, 2008 WL 686922, at *2 (D. Colo. Mar. 12, 2008) (permitting discovery related to "the policies and procedures by which Prudential made its decision" and defendant's "consideration of Plaintiff's claim").[4]

### B. Zurich's Role as Insurer of Rodriguez's Treating Physicians/Hospital

Plaintiff seeks discovery into a perceived conflict created by Zurich's also insuring the hospital and/or physicians who treated Mr. Rodriguez.[5] Plaintiff contends this creates a potential conflict because the "treating physicians may be at a higher risk for malpractice or liability claims if Zurich conducted a thorough review of Mr. Rodriguez's treatment." ECF No. 32 at 2. During the hearing, Plaintiff's counsel stated Plaintiff had no reason to believe this conflict caused bias but desired to confirm that fact in discovery.

---

[4] The Court notes authority in this district denying requests for ERISA discovery. *See Schultz v. Unumprovident Corp.*, No. 06-CV-622-GKF-PJC, 2009 WL 2901208, at *3 (N.D. Okla. Sept. 2, 2009); *Spangler v. Unum Life Ins. Co. of Am.*, 38 F. Supp. 2d 952, 957 (N.D. Okla. 1999). These cases are factually distinguishable based on the types of requests at issue, and they were decided before *Murphy* clarified the ERISA discovery standard.

[5] This alleged conflict is distinct from the "dual role" conflict discussed in *Murphy*.

This discovery is not expressly authorized by *Murphy*, and the Court is not aware of case law permitting exploration of this type of conflict. More importantly, Plaintiff has no basis for believing Zurich employees handling this ERISA claim knew that Zurich insured the treating hospital/physicians or that this fact somehow influenced their investigation. Zurich's counsel represented at the hearing that there is no overlap between Zurich's ERISA claims department and its underwriting department for hospitals or physicians. Unlike a direct financial incentive in denying claims, the Court finds this perceived conflict is too many steps removed from the ERISA claims process to warrant discovery, and it is overly speculative to assume that this type of "conflict" would result in a biased investigation or decision by the administrator. Therefore, this request for discovery is denied.

## IV. Conclusion

Plaintiff's request to conduct limited discovery is granted in part and denied in part as explained above, and this decision resolves the referred issues presented in the JSR. This Order does not preclude Defendants from objecting to specific discovery requests. However, the parties must meet and confer and attempt to resolve any disputes based on the reasoning of this Order. The Court will enter a separate scheduling order.

**SO ORDERED** this 2nd day of May, 2019.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**