# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LENORA RODRIGUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-CV-0666-CVE-JFJ |
| | ) |
| ZURICH AMERICAN INSURANCE | ) |
| COMPANY and WPX ENERGY SERVICES | ) |
| COMPANY LLC ERISA WELFARE | ) |
| BENEFIT PLAN, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is the defendant WPX Energy Services Company LLC ERISA Welfare Benefit Plan ("WPX Plan")'s motion for judgment on the pleadings (Dkt. # 46) and brief in support (Dkt. # 47). Plaintiff Lenora Rodriguez filed a response and objection (Dkt. # 50) to the motion. WPX Plan filed a reply (Dkt. # 51).

## I.

Plaintiff initiated this action against defendants WPX Plan and Zurich American Insurance Company, asserting claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Dkt. # 2. Defendant WPX Plan is the ERISA plan at issue in this case. Id. at 2. Defendant Zurich is the administrator of the WPX Plan and "has the sole authority to apply the terms of the Plan." Id. Plaintiff alleges that WPX Energy Services Company, LLC offered the WPX Plan to its employees. Id. Plaintiff alleges that her now-deceased spouse, Luis Rodriguez, was an employee of WPX Energy Services Company and was covered by the WPX Plan. Id. Further, plaintiff alleges that her spouse had paid additional premiums to defendant Zurich to increase his

accidental death and dismemberment coverage to $1,000,000 in benefits, payable to plaintiff as the sole beneficiary of the WPX Plan. Id. Plaintiff alleges that on or about December 17, 2016, her spouse severely injured his leg, eventually had his leg amputated, and then died within 365 days of his injury. Id. at 2-3. Plaintiff submitted a claim to Zurich and requested payment under the accidental dismemberment and death benefits set forth in the WPX Plan. Id. at 4. Zurich denied the claim. Id. at 7. Plaintiff alleges that, by denying the claim, defendants Zurich and WPX Plan violated ERISA. Id.

## II.

Defendant WPX Plan moves for judgment on the pleadings, arguing that the complaint fails to allege any wrongdoing by WPX Plan or any facts that would support a finding that WPX Plan was involved in the review or denial of plaintiff's claim. WPX Plan argues that the complaint alleges actions taken by Zurich only. WPX Plan argues, therefore, that plaintiff's claims against it must be dismissed. In response, plaintiff argues that § 1132(d)(2) of ERISA precludes dismissal of WPX Plan as a necessary party in this case. Section 1132(d)(2) states that "[a]ny money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity . . . ." Section 1132(d)(2) clearly permits beneficiaries to bring claims against the ERISA plan as an entity. The issue, however, is whether ERISA plans are necessary parties to ERISA actions under § 1132(d)(2), including in actions where, as here, the terms of the plan provide that an insurance company owes the benefits to the beneficiary and decides all issues of eligibility.

Plaintiff argues that, in Geddes v. United Staffing Alliance Employee Medical Plan, 469 F.3d 919 (10th Cir. 2006), the Tenth Circuit held "that fiduciary plan administrators (such as Zurich) are liable and may be defendants in ERISA cases *and* that the plan itself (here, the WPX Plan) is a

2

necessary defendant under Section 1132(d)(2)." Dkt. # 50, at 2. However, Geddes does not actually address whether ERISA plans are necessary defendants under § 1132(d)(2). Rather, Geddes simply holds that, while "ERISA beneficiaries may bring claims against the plan as an entity and plan administrators," they may not bring claims against an independent, non-fiduciary, third-party administrator. Geddes, 469 F.3d at 931. This holding does not show that the ERISA plan is a necessary or indispensable party.

Accordingly, contrary to plaintiff's assertion, the Tenth Circuit has not addressed whether ERISA plans are necessary parties to ERISA actions.[1] Moreover, the federal circuit courts that have addressed the issue are split. In Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506 (2d Cir. 2002), the plan argued that it owed no obligation to the plaintiff and that the only proper defendant was the insurance company. Id. at 509. The Second Circuit found that the plan's argument was wholly unsupported by the language of the statute, and held that the fact that the plan had contracted with an insurer to make payments to beneficiaries did not preclude the plan from being a party defendant. Id. at 509-10. On the other hand, in Larson v. United Healthcare Ins. Co., 723 F.3d 905 (7th Cir. 2013), plaintiffs filed a class action against six major health-insurance companies, and did not name any ERISA plans as defendants. The Seventh Circuit held that, "[a]lthough a claim for benefits ordinarily should be brought against the plan (because the plan normally owes the benefits), where the plaintiff alleges that she is a participant or beneficiary under

---

[1] WPX Plan argues that, "[c]ontrary to Plaintiff's statement [that WPX Plan's motion has no support in case law in the 10th Circuit], the Colorado Supreme Court, which is also within the 10th Circuit, dismissed the plan where the plan had no obligation to determine eligibility for benefits or pay." Dkt. # 51, at 1. However, it is widely understood that the term "Tenth Circuit case law" does not include state court decisions. Rather, "Tenth Circuit case law" includes decisions issued by the Tenth Circuit and by the federal district courts and bankruptcy courts within the Tenth Circuit.

3

an insurance-based ERISA plan and the insurance company decides all eligibility questions and owes the benefits, the insurer is a proper defendant in a suit for benefits due . . . ." Id. at 915-16.

Based on the lack of Tenth Circuit precedent and the split among other federal circuit courts, the Court is left with little guidance on how to resolve the issue. What is clear, however, is that § 1132(d)(2) clearly permits a beneficiary to obtain a "money judgment . . . against an employee benefit plan . . . ." Plaintiff has elected to sue WPX Plan in addition to the insurance company, and the statute permits a beneficiary to obtain a money judgment against a plan. Accordingly, the Court finds that WPX Plan should not be dismissed from this action. However, because there are no factual allegations against WPX Plan, the Court will provide WPX Plan an opportunity to elect not to participate in discovery and trial, and to remain in the action as a nominal party only. See Fed. R. Civ. P. 20(b) ("The court may issue orders . . . to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party.").

**IT IS THEREFORE ORDERED** that defendant WPX Energy Services Company LLC ERISA Welfare Benefit Plan's motion for judgment on the pleadings (Dkt. # 46) is **denied**.

**IT IS FURTHER ORDERED** that, if WPX Plan elects not to participate in discovery and/or trial, it is directed to file a notice of intent within **five (5) business days** of the date of this Order.

**DATED** this 12th day of June, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE